## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CONNIE DOWNEY,                          )
                                        )
      Plaintiff,              )
                                        )
v.                                      )          Case No. CIV-18-75-SLP
                                        )
JAMES WEIR et al.,                      )
                                        )
      Defendants.             )

# <u>O R D E R</u>

Plaintiff Connie Downey filed this 28 U.S.C. § 1983 suit against two nurses who interacted with him while he was incarcerated at the Grady County Jail.[1] *See* Third Am. Compl., Doc. No. 30; Order of Oct. 10, 2018, Doc. No. 57; Order of Jan. 8, 2019, Doc. No. 77. Defendants Megan Gable and Guinevere Sanders each filed motions to dismiss, to which Plaintiff filed a joint response, and for which Defendants filed reply briefs. *See* Gable Mot., Doc. No. 84; Sanders Mot., Doc. No. 85; Resp., Doc. No. 91; Gable Reply, Doc. No. 92; Sanders Reply, Doc. No. 93. Both dismissal motions are at issue.

Plaintiff filed a Supplemental Motion to Oppose [Doc. No. 94] which is likewise at issue. The Court construes this filing as a motion by Plaintiff seeking leave to supplement his response to Defendants' motions [Doc. No. 85] with the exhibit attached thereto—i.e., with Document No. 94-1. The Court GRANTS Plaintiff's supplementation request, but

---

[1] Plaintiff also included Grady County Sheriff James Weir as a defendant, but his claims against Weir were dismissed previously. *See* Order of Dec. 3, 2018, Doc. No. 71. Thus, references herein to "Defendants" are to Gable and Sanders only.

the supplementation does not alter the proper result reached in Judge Erwin's herein-discussed Reports and Recommendations [Doc. Nos. 96-97].

On May 24, 2019, United States Magistrate Judge Shon T. Erwin issued two Reports and Recommendations [Doc. Nos. 96-97] pursuant to 28 U.S.C. § 636. Judge Erwin recommended that Defendants' motions be granted and that Plaintiff's claims against Defendants be dismissed because (i) Plaintiff did not state a § 1983 claim in his Third Amended Complaint because he did not satisfy the objective component required of his Eighth Amendment claims and (ii) Plaintiff indicated that he was not pursuing tort claims under Oklahoma state law (as Defendants assumed he was doing). *See* Gable R&R, Doc. No. 96; Sanders R&R, Doc. No. 97. Plaintiff filed his objections [Doc. No. 98] (styled as a "Motion in Objection to Magistrate's Order Granting both Defendant Megan Gable's Motion to Dismiss and Guinevere Sanders' Motion to Dismiss") to the R&Rs on June 14, 2019.

The Court reviews de novo those portions of the R&Rs to which Plaintiff made specific objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having reviewed Plaintiff's objections to the R&Rs de novo, the Court concurs with Judge Erwin's analysis therein, and the Court adopts the same. The authorities cited by Plaintiff in his objections—*Duran v. Anaya*, 642 F. Supp. 510 (D.N.M. 1986), and *Farinaro v. Coughlin*, 642 F. Supp. 276 (S.D.N.Y. 1986)—are not on-point to the issues before the Court, and they do not indicate that a result other than that recommended by Judge Erwin is called for in this case. *See* Obj. 1, Doc. No. 98. Plaintiff has not stated claims that meet the objective component of the Eighth Amendment test for § 1983 claims, and Plaintiff did not assert tort claims

under Oklahoma state law against Defendants in his Third Amended Complaint [Doc. No. 30].

IT IS THEREFORE ORDERED that Plaintiff's Supplemental Motion to Oppose [Doc. No. 94], which the Court construes as a motion to supplement, is GRANTED.

IT IS FURTHER ORDERED that Judge Erwin's Reports and Recommendations [Doc. Nos. 96-97] are ADOPTED by the Court and Plaintiff's objections thereto [Doc. No. 98] are OVERRULED.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Megan Gable and against Defendant Guinevere Sanders are DISMISSED WITHOUT PREJUDICE. A separate judgment will be entered contemporaneous herewith.

IT IS SO ORDERED this 12th day of September, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE